UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:03-CR-78-TS |
| | ) | |
| ANTHONY LEE ROGERS | ) | |

**OPINION**

**BACKGROUND**

The Defendant, Anthony Rogers, is charged with making a false statement on a federal firearms form and being a felon in possession of a firearm. For trial, the parties stipulated that the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year in that on October 1993, he was convicted in the 264th district court of Bell County, Texas, in case #43,228, of a felony for which he was sentenced to five years. The Defendant testified at trial and this memorandum of law provides the Court's reasoning for allowing the government to use the Defendant's prior conviction, which was for delivery of cocaine, as impeachment.[1]

**DISCUSSION**

Federal Rule of Evidence 609(a) provides that for purposes of attacking the credibility of a witness, evidence that an accused has been convicted of a felony shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the

---

[1] Because some of the issues regarding whether the conviction was within the ten-year period set forth in Rule 609(b) were not fully developed on the record before or during trial, the Court held an in-person conference with the parties on April 14, 2005.

accused. However, 609(b) provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Fed. R. Evid. 609(b). In this case, the Defendant was sentenced to five years, but on March 29, 1994, his sentence was modified to five years probation. The Defendant completed his term of probation on March 30, 1999, six years before trial. *See United States v. Gant*, 396 F.3d 906, 909 (7th Cir. 2005) ("[The Defendant] was sentenced to twenty years' imprisonment for this conviction and was discharged from parole on October 14, 1995, eight years prior to trial."). The government provided *Gant* in support of its proposition that the ten-year period should be calculated from the end of probation. The Defendant argues that the period of his probation should not be considered confinement under Rule 609(b).

Believing that the conviction fell within the ten-year limit, the Court determined whether the probative value of the conviction outweighed its prejudicial effect using the five-part test articulated by the Seventh Circuit to guide the district court in the exercise of its discretion. *See United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004); *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976). Here, the first factor, the impeachment value of the prior crime, favored exclusion because the prior conviction for delivering cocaine does not go to truthfulness. The second factor, the timing of the prior convictions, was not particularly significant for either exclusion or admission because while the conviction was not recent, the Defendant's discharge from probation fell within

the ten-year period of admissibility specified in Federal Rule of Evidence 609(b).

The remaining factors favored admission. The prior felony is dissimilar to the charged offense and thus would not tend to improperly suggest to the jury any tendency on the Defendant's part to commit the instant offense. The importance of the Defendant's testimony was not any more significant in this case than in other criminal matters. Moreover, the Defendant's girlfriend already testified about her ownership of the guns and that she did not see the Defendant handle the guns after he initially gave them to her. As for the false reporting charge, the Defendant's testimony about his perception of what "actual buyer" meant was not particularly significant in light of the evidence that the Defendant was indeed buying the gun for someone else. When the Defendant took the stand, his credibility became a central issue. The Defendant's account of events contradicted the testimony of federal agents and he also testified as to his knowledge and intent. In addition, given the stipulation regarding his prior conviction, the jury already knew that the Defendant had a felony conviction and thus, any deterrent effect on the Defendant— from knowing that the nature of his conviction would be admitted if he testified— was lessened.

As an additional safeguard against prejudice, the Defendant was allowed to request a limiting instruction informing the jury that the testimony regarding the prior conviction was to be used to assess the credibility of the Defendant and went to one of the elements of unlawful possession of a firearm, but could not be used for any other purpose. The jury indeed heard such a limiting instruction.

For the foregoing reasons, the Court found that the probative value of admitting the prior felony outweighed its prejudicial effect to the Defendant.

Entered this 14th day of April, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT