**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-78-TS |
| | ) | |
| ANTHONY LEE ROGERS | ) | |

**OPINION & ORDER**

On February 23, 2005, the grand jury returned a two count superceding indictment charging the Defendant with falsifying a firearms record and being a felon in possession of a firearm. The Defendant pled not guilty to the charges, and he asserted his right to a jury trial. On April 12, 2005, the jury found the Defendant guilty on both counts.

This Court sentenced the Defendant on October 2, 2006, to forty-six months imprisonment, three years of supervised release, and a one hundred dollar special assessment for Count 1. For Count 2, the Court sentenced the Defendant to forty-six months imprisonment and three years of supervised release, all to be served concurrently with Count 1, and an additional one hundred dollar assessment. The Defendant has appealed his convictions, and that appeal is pending before the Court of Appeals for the Seventh Circuit, No. 06-370.

The Defendant has concluded his term of imprisonment, but he remains under this Court's jurisdiction while he is on supervised release. Unhappy with this Court's supervision of his criminal prosecution, the Defendant is now suing the undersigned for forty billion dollars in a suit filed before the Allen Superior Court.[1]

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United

---

[1] *See Convicted gun felon seeks $40B damages*, Fort Wayne News-Sentinel, Dec. 15, 2007, http://www.news-sentinel.com/apps/pbcs.dll/article?AID=/20071215/NEWS/712150322.

States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) (citing *Del Vecchio v. Ill. Dep't of Corr.*, 31 F.3d 1363, 1375 (7th Cir. 1994)). "The test for an appearance of partiality is . . . whether an objective, disinterested observer fully informed of the facts . . . would entertain a significant doubt that justice would be done in the case." *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir. 1985). Although the Court is fully committed to the fair and impartial treatment of the Defendant, the Court finds that an objective observer might entertain significant doubt that justice would be done with respect to a Defendant who is suing the presiding judge over issues pertaining to the subject matter giving rise to the Court's jurisdiction.

**ORDER**

For the reasons stated in this opinion, the undersigned recuses herself from this case. The Clerk is hereby directed to transfer the case to Chief Judge Robert Miller, Jr., for reassignment pursuant to N.D. Ind. L.R. 40.1(g).

SO ORDERED on January 7, 2008.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT